UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL NEDELTON, and<br>JUYOUNG PARK, his wife,<br>303 West 66th Street<br>Apartment 19KW<br>New York, NY  10023,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CHRISTOPHER KEEBLER,<br>2607 Woodland Avenue,<br>Audubon, PA  19403, and  ALLSTATE CORPORATION, 8711 North Freeport Parkway #23, Irving, TX 75063-2578, and A & J BUILDERS, INC., 6925 Bristol Pike, Levittown, PA 19057,<br><br>　　　　　Defendants. | Civil Action No. _____<br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Michael Nedelton and his wife, Juyoung Park, by and through their undersigned counsel, Montgomery, McCracken, Walker & Rhoads, LLP, hereby file this Complaint and allege the following:

## PARTIES

1.　　Plaintiff Michael Nedelton ("Plaintiff Nedelton") is an individual and citizen of the State of New York, and resides at 303 West 66th Street, Apartment 19KW, New York, NY 10023.

5443242v1

2. Plaintiff Juyoung Park ("Plaintiff Park"), who is married to Plaintiff Michael Nedelton, is an individual and citizen of the State of New York, and also resides at 303 West 66th Street, Apartment 19KW, New York, NY 10023.

3. Defendant Christopher Keebler ("Defendant Keebler") is an individual and a citizen of the Commonwealth of Pennsylvania, who resides at 2607 Woodland Avenue, Audubon, PA 19403.

4. Defendant A & J Builders, Inc. ("Defendant A&J") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and having its principal place of business located at 6925 Bristol Pike, Levittown, PA 19057.

5. Defendant Allstate Corporation ("Allstate") is an automobile insurance carrier, organized and existing under the laws of the Commonwealth of Pennsylvania, and having its principal place of business located at 8711 North Freeport Parkway #23, Irving, Texas 75063-2578 and a Pennsylvania registered agent for service of process located at CT Corporation System, 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 17101.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action by virtue of diversity citizenship pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states with complete diversity and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7. This Court may exercise personal jurisdiction over Defendant Keebler because he is a citizen of Audubon, Pennsylvania, which is within this District, and the pedestrian accident giving rise to this lawsuit and involving Defendant Keebler and Plaintiff Michael Nedelton occurred in Philadelphia, Pennsylvania, which is also within this District.

8. This Court may exercise personal jurisdiction over Allstate because it insured Defendant Keebler under a policy of insurance issued in Pennsylvania.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## FACTS ALLEGED

10. On Friday, October 16, 2020, at approximately 1:30 p.m., Plaintiff Nedelton was walking across the Benjamin Franklin Parkway near 18th Street in Philadelphia when he was struck by a pickup truck (a 2015 Chevrolet Silverado 1500 pickup truck) owned and operated by Defendant Christopher Keebler.

11. Plaintiff Nedelton was in the crosswalk when he was struck by Defendant Keebler's pickup truck. Defendant Keebler had been driving his pickup truck north on 18th Street when he turned left onto the Benjamin Franklin Parkway and then hit Plaintiff Nedelton.

12. Plaintiff Nedelton was violently hit by Defendant Keebler's pickup truck and thrown about 25 feet in the air before landing on the street and sustaining injuries to his head, neck, shoulder, back and ribs, as well as other complications.

13. Surveillance video from The Logan Hotel taken at the time of the accident confirms that Plaintiff Nedelton was lawfully in the crosswalk at 18th Street when Defendant Keebler hit him with his pickup truck.

14. Plaintiff Nedelton was taken by ambulance to Thomas Jefferson University Hospital in Center City Philadelphia, where he was admitted for treatment of head, neck, shoulder, back and rib injuries, as well as other complications.

5443242v1

15. Plaintiff Nedelton sustained injuries to his head, neck, shoulder, back and ribs, as well as other complications, including emotional distress, as a direct and proximate cause of Defendant Keebler's careless driving.  Some or all the injuries are permanent.

16. Plaintiff Nedelton has incurred medical bills and expenses, and other financial losses, in addition to his physical and emotional injuries, as a direct and proximate result of Defendant Keebler's negligent operation of a pickup truck on October 16, 2020.

17. As indicated above, Plaintiff Nedelton is a New York City resident who does not own a car, nor does he carry automobile insurance coverage applicable to him from any source; therefore, Plaintiff Nedelton is entitled to the full tort threshold.

18. On October 16, 2020, Defendant Keebler owned and operated the pickup truck that struck Plaintiff Nedelton.

19. At the time Defendant Keebler struck Plaintiff Nedelton on October 16, 2020, he was coming from a job site in Philadelphia for Defendant A&J and was operating his pickup truck with the permission of, at the direction of, and/or while within the scope of his employment with, Defendant A&J.

20. Defendant Keebler, as the driver of the pickup truck, was the agent, servant, worker and/or employee of Defendant A&J and was in the course and scope of his employment and/or acting for the benefit of Defendant A&J at the time of the accident.

## COUNT ONE – NEGLIGENCE

### (Michael Nedelton v. Christopher Keebler)

21. Plaintiffs incorporate paragraphs 1 through 20 as if fully set forth at length herein.

22. Defendant Keebler negligently operated his pick-up truck on October 16, 2020 when he struck Plaintiff Nedelton, a pedestrian within a crosswalk.

23. Defendant Keebler carelessly and recklessly operated his pick-up truck on October 16, 2020 when he struck Plaintiff Nedelton by:

   a. failing to keep a look out for pedestrians crossing the Benjamin Franklin Parkway as he turned his pick-up truck onto it from northbound 18th Street;

   b. failing to yield to Plaintiff Nedelton, a pedestrian, who was lawfully in the pedestrian crosswalk when Defendant Keebler struck him with his pickup truck;

   c. allowing himself to be distracted while driving his pickup truck, rather than paying attention to the road and the safety of pedestrians;

   d. driving too fast for the road conditions;

   e. failing to operate his wind-shield wipers; and,

   f. engaging in other negligent acts as will be revealed in discovery.

24. Plaintiff Nedelton sustained injuries to his head, neck, shoulder, back and ribs, as well as other complications, including emotional distress, as a direct and proximate cause of Defendant Keebler's careless driving.  Some or all the injuries are permanent.

25. Plaintiff Nedelton has incurred medical bills and expenses, and other financial losses, in addition to his physical and emotional injuries, as a direct and proximate result of Defendant Keebler's negligent operation of a pick-up truck on October 16, 2020.

WHEREFORE, Plaintiff, Michael Nedelton, demands judgment in his favor against Defendant, Christopher Keebler, together with interest, costs, and such other relief as the Court deems appropriate.

## COUNT TWO – NEGLIGENCE (VICARIOUS LIABILTY)

### (Michael Nedelton v. A & J Builders, Inc.)

26. Plaintiffs incorporate paragraphs 1 through 25 as if fully set forth at length herein.

27. Defendant A&J is vicariously liable for the negligence of Defendant Keebler occurring during the course and within the scope of his employment.

28. Defendant Keebler was operating the pickup truck within the scope of permission granted to him by Defendant A&J when Defendant Keebler negligently struck Plaintiff Nedelton on October 16, 2020.

WHEREFORE, Plaintiff, Michael Nedelton, demands judgment in his favor against Defendant, A & J Builders, Inc., together with interest, costs, and such other relief as the Court deems appropriate.

## COUNT THREE – LOSS OF CONSORTIUM

### (Juyoung Park v. Christopher Keebler and Defendant A&J)

29. Plaintiffs incorporate paragraphs 1 through 28 as if fully set forth at length here.

30. Michael Nedelton and Juyoung Park are husband and wife.

31. Prior to the crash, Michael Nedelton and Juyoung Park enjoyed a mutually beneficial and satisfying marital relationship.

32. Since the crash, Juyoung Park has suffered, and will continue to suffer into the future, the loss of companionship, support, comfort, assistance, association, and services of her spouse, Michael Nedelton.

WHEREFORE, Plaintiff, Juyoung Park, demands judgment in her favor against Defendant, Christopher Keebler and Defendant A&J, together with interest, costs, and such other relief as the Court deems appropriate.

## COUNT FOUR – FAILURE OF NOTIFICATION

### (Michael Nedelton and Juyoung Park v. Christopher Keebler and Allstate)

33. Plaintiffs incorporate paragraphs 1 through 32 as if fully set forth at length herein.

34. On or about March 23, 2019, Defendant Allstate issued a policy of automobile insurance to Defendant Keebler under policy number 901 906 165.

35. Under Section 991.2006 of the Motor Vehicle Financial Responsibility Law, 40 P.S. Section 991.2006, Allstate is required to provide its policy holders with written notice of its cancellation of an automobile insurance policy for non-payment of premium at least 30 days in advance of the cancellation date.

36. Under Section 991.2006 of the Motor Vehicle Financial Responsibility Law, 40 P.S. Section 991.2006, Allstate is further required to provide its policy holders with notice of their right to seek review of its cancellation decision by the Insurance Commissioner.

37. Under Section 991.2006 of the Motor Vehicle Financial Responsibility Law, 40 P.S. Section 991.2006, Allstate is further required to provide the Pennsylvania Department of Transportation with notice that the insured's insurance policy has been cancelled for non-payment of premium.

38. Prior to October 16, 2020, Allstate failed to provide Defendant Christopher Keebler with any notice, written or otherwise, that the Allstate policy on his 2015 Chevrolet Silverado 1500 pick-up truck was cancelled for non-payment of premium.

39. As of the date of this Complaint, Allstate failed to provide Defendant Christopher Keebler with any notice, written or otherwise, of his right to seek review of the cancellation of his automobile insurance policy on his 2015 Chevrolet Silverado 1500 pick-up truck by the Pennsylvania Insurance Commissioner.

40. As of the date of this Complaint, Allstate failed to provide the Pennsylvania Department of Transportation with any notice, written or otherwise, of the termination of Allstate's policy on Defendant's 2015 Chevrolet Silverado 1500 pick-up truck.

41. The procedures set forth in Section 991.2006 of the Motor Vehicle Financial Responsibility Law are the exclusive procedures for cancelling the Plaintiff's automobile insurance coverage.

42. As a result of Allstate's failure to comply with the procedures set forth in Section 991.2006 of the Motor Vehicle Financial Responsibility Law pertaining to the cancellation of Defendant's automobile insurance policy, Allstate is obligated to continue coverage for Defendant under the policy that took effect on March 23, 2019.

WHEREFORE, Plaintiffs, Michael Nedelton and Juyoung Park, demand judgment in their favor against Defendants, Christopher Keebler and Allstate, individually and/or jointly, severally, and in the alternative, along with attorneys' fees, interest, costs, and whatever further relief this Court deems appropriate.

## COUNT FIVE – NEGLIGENCE

### (As to all Defendants)

Plaintiff incorporate paragraphs 1 through 42 as if fully set forth at length herein.

WHEREFORE, Plaintiffs, Michael Nedelton and Juyoung Park, demand judgment in their favor against Defendants, Christopher Keebler, Allstate, and A&J Builders, Inc., individually and/or jointly, severally, and in the alternative, along with attorneys' fees, interest, costs, and whatever further relief this Court deems appropriate.

5443242v1

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury as to all factual issues.

                              MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP,

Dated: July 26, 2021
                    *s/John J. Levy*
                    By:  John J. Levy (ID No. 42377)
                    jlevy@mmwr.com
                    LibertyView
                    457 Haddonfield Road, Suite 600
                    Cherry Hill, NJ 08002
                    (856) 488-7739

                    Attorneys for Plaintiffs

5443242v1