IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL NEDELTON and JUYOUNG PARK | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER KEEBLER, ALLSTATE CORPORATION and A&J BUILDERS, INC. | : | NO. 2:21-CV-03305-RAL |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

**Richard A. Lloret**                                                                                   June 30, 2023
**United States Magistrate Judge**

### I. Introduction and procedural history.

On a rainy October afternoon, Plaintiff Michael Nedelton was struck by Defendant Christopher Keebler's truck as Keebler began driving through an intersection near Logan Circle in Philadelphia, after the traffic signal turned green. N.T. Deposition of Christopher Keebler, September 13, 2022 (Depo. CK), p. 17. Mr. Keebler did not see the Plaintiff enter the crosswalk due to another vehicle blocking his view of the sidewalk. *Id.*, p. 18.

Mr. Keebler immediately stopped, got out of his truck, and assisted Mr. Nedelton out of the road, waiting with him until an ambulance arrived. *Id.*, pp. 22-24. When police did not come to the accident scene, Mr. Keebler drove to the Philadelphia Police precinct in order to record a police report of the accident. *Id.*, pp. 25-27. Mr. Keebler was in Philadelphia generally, and that intersection specifically, because he was working for A&J Builders at a job site on the 13th floor of 1818 Market Street, a few blocks from

the scene of the accident. *Id.*, pp. 50-51. He left the building to drive home minutes before the accident occurred. *Id.*, pp. 16-17.

A&J Builders seeks summary judgment to dismiss all claims with prejudice, averring that they have no duty of vicarious liability to Plaintiff. ECF Doc. No. 28. Plaintiff Nedelton opposes the motion, arguing there is a genuine issue of material fact regarding whether Mr. Keebler was within the scope of his employment with A&J Builders at the time of the accident. ECF Doc. No. 31.

For the reasons set forth below, A&J Builders' Motion for Summary Judgment is denied. I find that there is a genuine issue of material fact that must be submitted to a jury on the issue of vicarious liability.

## II.     Standard of Review.

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A court evaluating whether there is sufficient evidence to go to trial must measure the evidence against the burden of proof at trial, *id.* at 252, after crediting the non-moving party's evidence and drawing all reasonable inferences against the moving party. *Id.* at 255.

When the non-moving party bears the trial burden on an issue, "the [motion] burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. The non-moving party need not depose its own witnesses, but must respond with evidence that would be admissible at trial:

> Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred.

*Celotex Corp.*, 477 U.S. at 324. An affidavit suffices to establish what a witness would say at trial. *See Woloszyn v. County of Lawrence*, 396 F.3d 314, 323 (3d Cir. 2005). So does an unsworn declaration under oath. *Unzicker v. A.W. Chesterton Company*, 2015 WL 12941900, at *1 (E.D. Pa. 2015). And while a court cannot rely on inadmissible evidence in deciding a summary judgment motion, hearsay evidence produced in opposition to a summary judgment motion may be considered "if the out-of-court declarant could later present the evidence through direct testimony, i.e., in a form that would be admissible at trial." *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1542 (3d Cir. 1990) (no indication that the declarants who made the statements mentioned in the opposition materials would not be available for trial).

**III.    Discussion.**

Subject matter jurisdiction over this case is founded on diversity. I must apply Pennsylvania substantive law and federal procedural law. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262 (3d Cir. 2011) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

"In Pennsylvania, only a master-servant relationship gives rise to vicarious liability for negligence." *I.H. ex rel. Litz v. Cnty. of Lehigh*, 610 F.3d 797, 801–02 (3d Cir. 2010) (internal quotations and citations omitted). An employer is a "master," or principal, who employs an agent, (i.e., his employee, or "servant,") to render services on the employer's behalf, and where the employer has the right to control the physical conduct of the employee in the employment of services on behalf of the employer, a negligent act within the scope of the employment will give rise to vicarious liability. *Shuman Estate v. Weber*, 419 A.2d 169, 172 (Pa. Super.1980); *Smalich v. Westfall*, 269 A.2d 476 (Pa. 1970). "Determination of the precise nature of the relationship and the scope of any particular employment is generally within the exclusive province of the jury, except when no disputes exist as to material issues of fact and the inferences to be drawn therefrom." *Shuman*, 419 A.2d at 173.

Pennsylvania law has "long held that whether a particular act of an employee is within the scope of his employment is ordinarily a question of fact for the jury," *Justice v. Lombardo*, 208 A.3d 1057, 1068 (Pa. 2019) (citations omitted). The only exception to this well-established rule is where neither the facts nor the inferences to be drawn from them are in dispute. *Id.*, citing *Orr v. William J. Burns Intern. Detective Agency*, 12 A.2d 25, 27 (Pa. 1940) ("The master who puts the servant in a place of trust or responsibility, or commits to him the management of his business or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority and inflicts an unjustifiable injury upon another," citing *Brennan v. Merchant & Co., Inc.*, 54 A. 891, 892 (Pa. 1903)).

In a case where there is no question of fact, and where there is no dispute about the inferences that may be drawn from such facts, the court may decide the scope of employment question as a matter of law. *Brennan*, 54 A. at 892. "However, where more than one inference may be drawn from the facts, the issue of whether an employee was acting within the scope of employment is for the jury." *Justice v. Lombardo*, 208 A.3d 1057, 1068 (2019), citing *Iandiorio v. Kriss & Senko Enterprises, Inc.*, 517 A.2d 530, 534 (1986).

A&J urges that, because Mr. Keebler had left the job site five minutes before the accident occurred, and because he was operating his own vehicle to go home, Mr. Keebler was not acting within the scope of his employment. ECF Doc. No. 28-1 (Def. Memo.) at p. 7. A&J cites to a series of district court cases from this district and the Middle District of Pennsylvania for the proposition that "[g]enerally, 'an employee is *not* acting within the scope of her employment when she drives to or from her place of employment.'" (Emphasis in original). *Lesser v. Nordstrom, Inc.*, 96-CV-121, 97-CV-6070, 1998 WL 480832 (E.D. Pa. Aug. 13, 1998); *Heinrich v. Davis*, 16-CV-00482, 2017 WL 9398663 (M.D. Pa. Nov. 9, 2017); *Gicking v. Hoch*, 06-CV-2390, 2006 WL 3742749 (E.D. Pa. Dec. 15, 2006).

Plaintiff responds that there is sufficient evidence from which a jury may infer that Mr. Keebler was within the scope of his employment when he drove his truck from the jobsite, primarily because 1) he would not have been in Philadelphia had he not been called to work on a "special request, rush job" for A&J, 2) to which he was required to bring a number of tools, 3) where no public transportation existed, or was practical, to transport Mr. Keebler and the tools to the jobsite by 6:00 a.m., and 4) Mr. Keebler was

5

headed directly home from the worksite at the time of the accident, and not on any personal errand. ECF Doc. No. 31, (Pl. Memo.) at 7-11. I agree that these facts, and the inferences that may be drawn from them, is sufficient to create a jury question on scope of employment.

In *Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000), the Third Circuit noted that Pennsylvania has accepted § 228 of the Restatement (Second) of Agency's definition of conduct "within the scope of employment," that is, conduct is within the scope of employment if, "(a) it is the kind [the employee] is employed to perform; (b) it occurs substantially within the authorized time and space limits [and] (c) it is actuated, at least in part, by a purpose to serve the master… ." *Id*. The analysis is fact specific, and Pennsylvania courts have found that an employer is responsible for negligence of an employee even where the employee has left the work site. *See Kadlecik v. L.N. Renault & Sons*, 40 A.2d 866, 868 (Pa. Super. 1945); *U.S. v. New Jersey Mfrs. Co.*, 583 F. Supp. 579, 581 (E.D. Pa. 1984) (the employee's use of a private vehicle must be "necessary and important" to the business before the specific trip is considered "within the scope of employment"); *Gittelman v. Hoover Co.*, 10 A.2d 411, 411-12 (Pa. 1940) (where "circumstances are such that it is reasonably *necessary* for [the employee] so to travel instead of by train or other common carrier, the use of the car is [] within the scope of the employment . . .".) (Emphasis in original).

There is sufficient evidence from which a jury could conclude that Mr. Keebler's car travel was a "necessary and important" part of his employment by A&J Builders, and that the accident therefore occurred within the scope of Mr. Keebler's employment. *See N. J. Mfrs. Co.*, 583 F. Supp. at 581. I will therefore deny A&J's motion for summary judgment.

6

## V. Conclusion.

For the reasons described, I will deny summary judgment to A&J Builders. I will convene a scheduling conference to determine if all discovery has been completed, and to set a trial date, after the parties have scheduled their settlement conference.

BY THE COURT:

 s/ *Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. MAGISTRATE JUDGE**